STATE OF MISSOURI ex rel. HIXSON, Respondent,
v. NERRY et al., Appellants.

**St. Louis Court of Appeals, March 1, 1904.**

1. **MANDAMUS: Action at Law: Abstract of Record.** A proceeding for a writ of mandamus, commanding a county treasurer to pay a warrant drawn by a county board of education on funds in his hands, is an action at law, and not an equitable action requiring the whole of the testimony to be presented in an abstract of the record for review of the appellate court.

2. ———. Such an action will lie to compel a county treasurer to perform his ministerial duty, the payment of a warrant, drawn by proper authority, upon a fund in his custody which is legally applicable to its payment.

3. ———: **Not an Equitable Action: Interplea.** And such proceeding can not be converted into an equitable action by the return of the officer to such a proceeding, showing that strangers claim the fund upon which the warrant is drawn; nor can the court order such strangers, to appear and interplead for it.

Appeal from Scotland Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*E. Scofield* and *John M. Doran* for appellant.

*J. M. Jayne* and *J. E. Luther* for respondent.

STATEMENT. –

In February, 1902, this proceeding was begun in the circuit court of Scotland county, by relator, Hixson, against the respondent, as treasurer of Scotland county. Relator, James T. Hixson, averred that respondent, L. N. Kinney, was treasurer of Scotland county, that Arminta B. Nerry, C. E. Smith and relator composed the county board of education of Scotland county and were authorized by law to hold county institutes, and pay their expenses out of the money collected from the teachers attending. That defendant had in his hands two hundred and seventy-six dollars thus collected, the fund collected from the teachers at the institute being required by law to be turned over to the county treasurer. That it was the duty of such board to meet and audit the charges of the instructors, employed for such institute, and other necessary expenses together with their own expenses, and draw warrants therefor upon such treasurer. That the board convened December 21, 1901, and drew a warrant on respondent as such treasurer for $119.45, made payable to relator, for purpose of paying the instructors of the county institute, that such warrant was legally issued and signed by a majority of such board, and such majority was authorized under the law to transact all business coming before the board. That relator presented such warrant to respondent, who refused its payment. An allegation that the relator was without remedy through ordinary proceedings at law, and a prayer for a writ of mandamus enjoining payment of the warrant concluded the petition.

On the eighth of February, 1902, the respondent made a return admitting he was treasurer of Scotland county, that the parties named constituted the board of education of the county, and were empowered to hold county institutes and pay expenses out of the money

paid respondent by teachers of the county for such purpose; admitted that it was the duty of such board to appropriate all such funds to the purpose for which they were intended, and that about December 21, 1901, a warrant for the sum stated payable to relator, signed by relator and C. E. Smith, was presented for payment. Proceeding, the return contained allegations of the collection from the teachers of the county of $331.50, that other warrants aggregating fifty-five dollars and described were presented and paid. That under the law such fund should be applied to the payment of instructors and conductors in the institute, a part to payment of Smith and Hixson for their services as members of the board, and a part to pay the compensation of the county commissioner. That the board was unable to agree upon the method of distribution; relator, Smith and Nerry claiming various sums named as instructors, members of the board and county commissioner. The return concluded with further specific averments of menaces by the three parties to hold respondent personally responsible for the several amounts respectively claimed by them, and his ignorance of the lawful division of the fund, his willingness to disburse it under the directions of the court, and a prayer that the other parties be required to appear and establish their respective claims. Upon this return the court made an order February 27, 1902, requiring Arminta B. Nerry to be notified and show cause, why the writ should not issue as prayed, and March 15th following, an elaborate answer, as it was denominated, was filed on her behalf. After hearing the evidence offered by the opposing parties, the court rendered judgment awarding relator a peremptory writ of mandamus against the treasurer directing him to pay the warrant presented from funds in his hands. Arminta B. Nerry filed a separate motion for a new trial, which was overruled as was a motion on her behalf in arrest, and an appeal was allowed her, the

judgment, rulings on motions, and appeal all being had on August 27, 1902, the bill of exceptions being completed and filed March 28th thereafter.

REYBURN, J. (after stating the facts as above). —1. The relator has asked this court to dismiss the appeal, charging non-observance of rule of this court by appellants; the failure by appellant to present the whole of the testimony as required for review of an equitable proceeding and finally that the appeal was allowed August 27, 1902, returnable to the April term, 1903. While the printed abstract is not complete, we should hesitate to summarily dispose of the case by dismissal of the appeal solely upon that ground, and while the misapprehension that this has been converted into a proceeding in equity by reason of the *quasi* interplea of appellant filed in response to order directed to her to show cause, is but natural, yet as presently determined the full proceedings in the trial court are not essential, for the proceeding is not equitable but at law. Finally, if respondent desired to avail herself of the failure by appellant to perfect her appeal with diligence and dispatch, the statutory requirements should have been followed, preliminary to such motion.

2. The extraordinary remedy here invoked by respondent has been defined, "a command issued from a court of law of competent jurisdiction in name of the State directed to some inferior court, officer, corporation or person requiring them to do some particular thing, therein specified which appertains to their office or duty." 19 Am. and Eng. Ency. (2 Ed.), p. 16; High, Ex. Rem. (3 Ed.), sec. 1. The subject of mandamus in this State is treated in chapter 49, R. S. 1899, which is made up of brief sections prescribing the method of pleading and procedure, with provisions governing award of costs, but in nowise enlarging the scope or amplifying the application of the remedy. The origin,

history and nature of the writ of mandamus will be found interestingly discussed by the Supreme Court in the case of State ex rel. The Laclede Bank v. Lewis, 76 Mo. 370, in which the definition of the eminent commentator above cited is adopted, which varies in no substantial respect from that quoted, and the conclusion, as therein announced, stated that it is regarded in modern times as in the nature of an action by the party in whose favor the writ is granted, for the enforcement of a right in cases where the law affords no other adequate means of redress. That it lies in those cases, of which this is a type, involving merely the performance by a county official of his plain ministerial duty of payment of a warrant drawn by lawful and proper authority upon a fund in his custody, legally applicable to its payment and requiring the exercise of no official discretion on his part, can not be reasonably questioned. Spelling, Injunction and Extraordinary Remedies (2 Ed.), chap. 46, sec. 1480, et seq.; 19 Am. and Eng. Ency., p. 790, and authorities cited. State ex rel. v. Adams, 161 Mo. 349; State ex rel. v. Thomas, 43 Mo. 228; State ex rel. v. Draper, 48 Mo. 213; State ex rel. v. Mason, 153 Mo. 23; Am. and Eng. Ency., supra, 789.

We have searched in vain for any lawful authority, by which such a proceeding as inaugurated by relator, could be converted into an equitable action, the public disbursing officer changed to a stakeholder of public funds held for specific educational purposes and strangers required to appear and interplead for relief of the respondent, the officer against whom the writ was asked. Upon the allegations of the return of the county treasurer, the relator was entitled to a peremptory writ. State ex rel. v. Adams, supra. The point, sought to be made by appellant in behalf of the official, that the costs of the proceeding were awarded against him by the judgment of the circuit court, is fully met by the suggestion that no complaint by him through exception to any rul-

ing on appeal appears. We would add that the finding upon the facts by the trial court is approved, and the judgment thereon was correct.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.